## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | : Case No. 3:15-cr-089 |
| | : |
| vs. | : Chief Magistrate Judge Sharon L. Ovington |
| | : |
| MARY DALTON, | : |
| | : |
| Defendant. | : |

## ORDER: (1) GRANTING DEFENDANT'S MOTION
## FOR A PSYCHOLOGICAL EVALUATION (Doc. 11); AND
## (2) TOLLING SPEEDY TRIAL TIME

This criminal case is before the Court on Defendant's motion for a psychological evaluation. (Doc. 11).

On July 21, 2015, Defendant Mary Dalton was charged in a ten-count information with various federal and state offenses arising from an alleged altercation at Wright-Patterson Air Force Base on May 10, 2015. (Doc. 1).[1] On September 2, 2015, Defendant appeared before this Court and entered pleas of not guilty on all counts. (Doc. 7). The Court released Defendant on a personal recognizance bond. (Doc. 8).

Defendant filed a motion to suppress on September 18, 2015. (Doc. 9). The Court set the matter for an evidentiary hearing to be held on October 13, 2015. (Min. Entry,

---

[1] Specifically, Defendant is charged with the following: Count 1 – assaulting, resisting, or impeding an officer, in violation of 18 U.S.C. § 111(a)(1); Count 2 – damage to government property, in violation of 18 U.S.C. § 1361; Count 3 – assault, in violation of 18 U.S.C. § 113(A)(5); Count 4 – failure to comply with a lawful order, in violation of 18 U.S.C. §§ 7 and 13, and Ohio Rev. Code § 2921.331(A); Count 5 – carrying a concealed weapon, in violation of 18 U.S.C. §§ 7 and 13, and Ohio Rev. Code § 2923.12(A)(1); Count 6 – resisting arrest, in violation of 18 U.S.C. §§ 7 and 13, and Ohio Rev. Code § 2921.33(A); Count 7 – disorderly conduct, in violation of 18 U.S.C. §§ 7 and 13, and Ohio Rev. Code § 2917.11(A)(1); Counts 8-10 – disorderly conduct, in violation of 18 U.S.C. §§ 7 and 13, and Ohio Rev. Code § 2917.11(A)(2). (Doc. 1).

Sept. 21, 2015).  However, Defendant subsequently moved to continue the evidentiary hearing, so that she may "undergo a psychological evaluation." (Doc. 10).  The Court granted the continuance by notation order and converted the evidentiary hearing to a status conference by telephone.  (Not. Order, Oct. 1, 2015; Not. Hrg., Oct. 2, 2015).

As scheduled, the Court held the telephone status conference on October 13, 2015 at 10:00 a.m.  (Min. Entry, Oct. 13, 2015).  Shortly before the conference, Defendant filed the instant motion for a psychological evaluation. (Doc. 11).  Specifically, Defendant states that, "[b]ased upon [her] background, [she] believe[s] that a psychological evaluation would be helpful to assist counsel and the Court in either substantive aspects of the case or for purposes of sentencing."  (*Id*. at 3).  Defense counsel was uncertain as to the length of time required to complete the evaluation process.  During the telephone conference, the Government indicated that it did not oppose Defendant's motion.

Accordingly:

1. For good cause shown, and as the motion is unopposed, Defendant's motion for a psychological evaluation (Doc. 11) is **GRANTED**;

2. Defendant **SHALL** forthwith select a qualified examiner to conduct the psychological evaluation;

3. Upon completion of the evaluation, the examiner **SHALL** prepare a report in compliance with 18 U.S.C. § 4247(c) and submit a signed copy of the report to this Court <u>directly</u> via email at Ovington_Chambers@ohsd.uscourts.gov;

4. The Court sets the matter for an additional status conference by telephone on **November 3, 2015 at 10:00 a.m.**  COUNSEL SHALL CALL: 1-888-684-8852; Access Code: 6641708; Security Code: 123456, and wait for the Court to join the conference; and

5. In light of Defendant's representations regarding the necessity and nature of the requested psychological evaluation, the Court finds that any resulting delay is properly excludable from the speedy trial calculation, pursuant to 18 U.S.C. § 3161(h)(1)(A).  Additionally, the Court finds that the ends of justice are best served by continuing this matter in order to provide reasonable time for Defendant to obtain an evaluation to assist in counsel's effective preparation for trial.  18 U.S.C. § 3161(h)(7)(A), (B)(iv).  Accordingly, time is now **TOLLED** and the period of delay from September 30, 2015 (*i.e.*, the date of Defendant's requested continuance (Doc. 10)) through November 3, 2015, **SHALL BE EXCLUDED** in computing the time within which trial must commence.

**IT IS SO ORDERED**.

Date:  10/13/2015                                           *s/ Sharon L. Ovington*
                                                                           Sharon L. Ovington
                                                                           Chief United States Magistrate Judge

3